UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) | |
| DEBRA LEVESKI, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-867-WTL-JMS |
| ) | |
| ITT EDUCATIONAL SERVICES, INC., ) | |
|     Defendant. ) | |

### ORDER

Plaintiff brought this *qui tam* action against Defendant under the False Claims Act ("FCA") alleging that Defendant violated the incentive compensation ban of the Higher Education Act ("HEA"), 20 U.S.C. §1094(a)(20), and committed fraud on the government from January 1996 through November 2006 by falsely certifying that it was in compliance with the HEA. This cause is now before the Court on Defendant's Motion to Dismiss (Docket No. 40).[1] Defendant presents four main reasons for dismissing this action: (1) the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) based on the FCA's "first-to-file" provision, 31 U.S.C. § 3730(b)(5); (2) Plaintiff's action is barred by a release of claims contained in a preexisting settlement agreement between the parties in another case; (3) Plaintiff has failed to allege her allegations with sufficient particularity as required by Federal Rule of Civil Procedure 9(b); and (4) Plaintiff has failed to state a claim upon which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6).

---

[1] Defendant also requests oral argument on its motion (Docket No. 44). Because the Court concludes that the parties' briefs adequately inform the Court of the issues, the request is **DENIED**.

For the reasons explained herein, the motion is **GRANTED**.

## I. APPLICABLE STANDARDS

In essence, the standard for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as the standard for a 12(b)(6) motion to dismiss. *See Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). In adhering to this notice pleading regime, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed. R. Civ. P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded factual allegations in the First Amended Complaint and the inferences reasonably drawn from them. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). However, the Court need not ignore facts set out in the First Amended Complaint that undermine Plaintiff's claim, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996), nor is the Court required to accept Plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). The Court may only dismiss the First Amended Complaint if it fails to give Defendant fair notice of what the claims are and the grounds upon which they rest and if the factual allegations are insufficient "to raise a right to relief above the speculative

level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

In addition, because Plaintiff has presented a claim sounding in fraud, she is additionally subject to the heightened standard of Rule 9(b). *See Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Rule 9(b) requires Plaintiff to plead her allegations with particularity. "Particularity" means pleading the who, what, when, where, and how of the alleged fraud. *See Ackerman v. N.W. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990).

## II. DISCUSSION

The first issue to address is Defendant's contention that the Court lacks subject matter jurisdiction over this cause. Defendant notes that a prior case, *United States ex rel. Graves v. ITT Educational Services, Inc.*, 284 F. Supp. 2d 487 (S.D. Tex. 2003), *aff'd* 111 F. App'x 296 (5th Cir. 2004), raised similar claims against it. Therefore, according to Defendant, the instant cause is barred by 31 U.S.C. § 3730(b)(5), which provides that when a claim under the FCA is filed no entity other than the Government "may intervene or bring a related action based on the facts underlying the pending action." In response, Plaintiff contends that the statute does not apply because *Graves* was no longer pending when she filed her Complaint and the plaintiff in that case based his claims on a different time period, 1993 to 1999. Defendant argues that neither of these circumstances makes a difference. The Court disagrees.

The cases cited by the parties reveal that courts have looked to see the status of the prior case at the time that the subsequent suit was filed to see if it was pending. Further, although there is an

overlap in time with the allegations of the two cases, each and every individual claim submitted that is allegedly false constitutes a separate false claim. *See* S. Rep. No. 99-345, at 9 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5274 ("[E]ach and every claim submitted under a contract, loan guarantee, or other agreement which was originally obtained by means of a false statement or other corrupt or fraudulent conduct, or in violation of any statute or applicable regulation, constitutes a false claim."). Based on the circumstances, the Court concludes that § 3730(b)(5) does not bar the instant suit and that the Court does have subject matter jurisdiction.

Having determined that § 3730(b)(5) does not bar this suit, the Court turns to Defendant's assertion that the suit is nonetheless barred by a settlement agreement the parties entered to resolve an employment dispute. The relevant release language is located on page 2 of the agreement under Subsection E, which provides that Plaintiff agreed to release Defendant "from any and all liabilities and obligations to [her] . . . based upon or relating in any way to her employment at ITT and/or her separation from employment . . . ." The Court finds that this provision does not apply because Plaintiff's claims in this suit are not based upon and do not relate to her employment; her claims are derivative in nature, based on an obligation owed to the Government.

Defendant is left then with its argument under Rules 9(b) and 12(b)(6). The two arguments are somewhat inter-related because part of the contention under Rule 12(b)(6) is that Plaintiff has asserted her allegations in a conclusory fashion. *See, e.g.*, Def.'s Memo. in Supp. at 21 (Docket No. 42). Moreover, the Government's Statement of Interest (Docket No. 48), although taking no position on the merits of the instant motion, lends support to the conclusion that circumstances like those alleged in the First Amended Complaint could amount to a violation and pass muster under Rule 12(b)(6). Therefore, for the moment, the Court focuses on the Rule 9(b) problem.

4

Plaintiff all but admits that she has not plead her allegations with sufficient particularity by trying to argue that she is not required to meet the exacting standards of pleading the who, what, when, where, and how of the alleged fraudulent activity. Plaintiff is mistaken in that regard. *See United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005) ("The FCA is an anti-fraud statute and claims under it are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure."). The Court concludes that the First Amended Complaint does not meet those requirements; however, as evidenced by Plaintiff's affidavit that she references, she does have further information available to her, and she has offered to replead her allegations. The Court will afford her that opportunity.

### III. CONCLUSION

For the foregoing reasons, Defendant's request for oral argument (Docket No. 44) is **DENIED**; however, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED without prejudice**. Plaintiff may file an amended complaint that complies with Rule 9(b) **within fifteen (15) days of the date of this Order**.

IT IS SO ORDERED: 09/23/2009

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution attached.

**Electronically distributed to:**

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN
ggotwald@psrb.com

Nicola T. Hanna
GIBSON DUNN & CRUTCHER LLP
NHanna@gibsondunn.com

Timothy John Hatch
GIBSON DUNN & CRUTCHER LLP
thatch@gibsondunn.com

John M. Ketcham
PLEWS SHADLEY RACHER & BRAUN
jketcham@psrb.com

Timothy J. Matusheski
LAW OFFICES OF TIMOTHY J. MATUSHESKI
tim@mississippiwhistleblower.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

James L. Zelenay Jr.
GIBSON DUNN & CRUTCHER LLP
jzelenay@gibsondunn.com