UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DEBRA LEVESKI,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>ITT EDUCATIONAL SERVICES, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Cause No. 1:07-CV-0867-WTL-JMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS RELATOR'S SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Evidence 201, Defendant ITT Educational Services, Inc. ("ITT") hereby requests that the Court take judicial notice of the following exhibits, filed under the separate cover of Defendant's Exhibits In Support Of Its Motion To Dismiss Relator's Second Amended Complaint, Pursuant To Federal Rules of Civil Procedure 12(b)(6) and 9(b) ("Exhibits"). Fed. R. Evid. 201(b) provides that a court may take judicial notice of facts that are "not subject to reasonable dispute" in that they are either: (1) "generally known within the territorial jurisdiction of the trial court," or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

**Exhibit A**

Exhibit A is a true and correct copy of Relator Debra Leveski's ("Relator" or "Leveski") Affidavit previously filed in this Court and attached to her "Response to ITT Educational Services, Inc.'s Motion to Dismiss Relator's Amended Complaint." Doc. No. 49-2. ITT respectfully requests that the Court take judicial notice of this document for the limited purposes of: (1) establishing Leveski's prior allegations and admissions regarding the method of compensation for ITT's student recruiters and financial aid administrators; and (2) establishing Leveski's prior allegations and admissions regarding her own performance reviews and compensation. Leveski's previously-filed Affidavit is admissible both as a judicially-filed matter of public record and as a document incorporated by reference into her Second Amended Complaint.

The Seventh Circuit has noted that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (internal quotations and citations omitted). *See also Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) ("In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment."); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (finding district court's consideration of previously-filed public court documents was proper in deciding defendants' motion to dismiss) (internal citations omitted); *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003) (in resolving a motion to dismiss, a court can take judicial notice of matters of public record).

Moreover, although documents outside the pleadings may generally not be considered on a motion to dismiss, courts can consider those documents that are incorporated into the

pleadings by reference in the complaint. *See, e.g.*, *In re Harley-Davidson, Inc. Sec. Litig.*, --- F. Supp. 2d ----, 2009 WL 3233754, at *1 (E.D. Wis. Oct. 8, 2009) ("in addition to the complaint, the court may consider documents incorporated therein by reference"), *citing Tellabs, Inc. v. Makor Issues & Rights Ltd. (Tellabs II)*, 551 U.S. 308 (2007) & *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). *See also Hooks v. Ryan*, No. 08-C-0631, 2009 WL 1307850, at *3 (E.D. Wis. May 6, 2009) (a court "'may take into consideration documents incorporated by reference to the pleadings' and 'may also take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'"), *quoting United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

Leveski previously filed her Affidavit in this Court in connection with her "Response to ITT Educational Services, Inc.'s Motion to Dismiss Relator's Amended Complaint." Doc. No. 49-2. After consideration of the briefing on ITT's previous Motion to Dismiss, the Court afforded Leveski leave to amend – partially on the basis of the statements presented in her Affidavit. *See* Order, Doc. No. 74, at 5. Leveski now incorporates her previously-filed Affidavit into her Second Amended Complaint. *See* Second Amended Complaint ("SAC") ¶ 40. Accordingly, this Court may properly take judicial notice of the allegations presented in Leveski's Affidavit. This request does not seek judicial notice for any other reason, including, but not limited to, the truthfulness or accuracy of Leveski's allegations contained therein.

### **Exhibit B**

Exhibit B is a true and correct copy of the Memorandum and Order in *Shultz v. DeVry, Inc.*, No. 07-cv-05425 (N.D. Ill. March 4, 2009). ITT respectfully requests that the Court take judicial notice of the Memorandum and Order for the sole purpose of recognizing that a

previously-filed case by Relator's counsel was dismissed on the grounds that it was based on publicly disclosed information and that the relator was not the original source of the information.

As discussed above, the Seventh Circuit has found that courts may consider matters of public record without converting a motion to dismiss into a motion for summary judgment. The Seventh Circuit has noted that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Gen. Elec. Capital Corp.*, 128 F.3d at 1081 (internal quotations and citations omitted). *See also Anderson*, 217 F.3d at 474–75; *Henson*, 29 F.3d at 284. Even where those records involve the decisions of courts in other states or districts, judicial notice is appropriate. *See Yancey v. Gray & End Assocs.*, No. 08-0741, 2009 WL 772800, at *1 (E.D. Wis. March 23, 2009) ("a court can take judicial notice of documents in the public record, including the decisions of other state and federal courts, without converting the motion to dismiss into one for summary judgment."). *See also Limestone Dev. Corp. v. Village of Lemont*, 473 F. Supp. 2d 858, 868 (N.D. Ill. 2007) (taking judicial notice of prior litigation). Moreover, it is well settled that this Court may properly take judicial notice of proceedings and documents filed in other courts to "establish the fact of such litigation and related filings." *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996), *quoting Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (internal quotations omitted).

The Order and Memorandum issued in the *Shultz v. DeVry* action is a publicly available filing in Federal District Court for the Northern District of Illinois. The entry of that Order, and the determinations made by the court therein, may be properly considered at this stage as the Order represents "documents in the public record."

**Exhibit C**

Exhibit C is a true and correct copy of the Settlement Agreement between the United States Department of Education and ITT, which resolved the Department of Education's investigation into ITT's methods of compensating student recruiters and the implementation of those same methods. ITT respectfully requests that the Court take judicial notice of this document for the limited purpose of noting that the Department of Education previously investigated the compensation of student recruiters at ITT between the period of 1995 through 2000 and that the Department of Education agreed not to deny certification of ITT's eligibility to participate in the Title IV programs for any reason directly or indirectly linked to the Department of Education's investigation.

In considering ITT's Motion to Dismiss, this Court may judicially notice the content of a settlement agreement where it is "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to the plain language [of the] written settlement agreement . . . ." C*ory & Assocs., Inc. v. Ins. Brokers Serv. Inc.*, No. 97 C 5827, 2001 WL 648956, at *1 n.1 (N.D. Ill. Jun. 6, 2001). *See also In re: Crown Vantage, Inc.*, No. 02-3836MMC, 2004 WL 1635543, at *10 (N.D. Cal. Jul. 12, 2004) (taking judicial notice of settlement agreement in adjudicating 12(b)(6) motion); *Int'l. Paper Co. v. TCR Northwest 1993, Inc.*, No. Civ. 02-496-JE, 2003 WL 23957831, at *2 n.1 (D. Or. Jan. 15, 2003) (same). *But see Gen. Elec. Capital Corp.*, 128 F.3d at 1084 (holding District Court's judicial notice of private settlement agreement was error where document was of questionable "reliability" because it was drafted, in part, by party without interest in instant litigation).

Judicial notice of the Settlement Agreement between the Department of Education, on whose behalf Leveski sues, and ITT is appropriate because its contents and existence are "not

subject to reasonable dispute." *Cory & Assocs.*, 2001 WL 648956, at *1 n.1. Moreover, any terms of the Settlement Agreement, including the Department's release of claims against ITT regarding student recruiter compensation, are easily verified by consulting the plain language on the face of the Settlement Agreement. *Cory & Assocs.*, 2001 WL 648956, at *1 n.1. Thus, the Settlement Agreement is properly the subject of judicial notice and may be considered with ITT's Motion to Dismiss.

### **Exhibit D**

Exhibit D is a true and correct copy of the Order Granting Defendants' Motion to Dismiss in *United States ex rel. Bott v. Silicon Valley Colleges*, No. C. 04-320 (N.D. Cal. Oct. 5, 2005). ITT respectfully requests that the Court take judicial notice of the Order in *United States ex rel. Bott* in support of the finding that a relator must allege with specificity "a direct relationship between the raises given and the number of students enrolled" as well as the court's dismissal of the relator's claims in that case.

As previously discussed, a court may take judicial notice of documents in the public record, including decisions in prior litigation. *Opoka*, 94 F.3d at 394, *quoting Kramer*, 937 F.2d at 774 (internal quotations omitted). *See also Anderson*, 217 F.3d at 474–75; *Henson*, 29 F.3d at 284; *Yancey*, No. 08-0741, 2009 WL 772800, at *1; *Pugh v. Tribune Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008) (noting that court can take judicial notice of documents in the public record, including those decisions of other state and federal courts). Accordingly, the Court may properly take judicial notice of the Northern District of California's Memorandum and Order in *United States ex rel. Bott*.

**Exhibit E**

Exhibit E consists of true and correct copies of Leveski's yearly performance evaluations (referred to in Leveski's Second Amended Complaint as "PPEs") covering her employment from 1996 through 2001.  ITT respectfully requests that the Court take judicial notice of these documents, which are incorporated by reference in Leveski's Second Amended Complaint, for the limited purpose of contradicting the allegations presented in Leveski's Second Amended Complaint; particularly that non-enrollment factors were always marked as "consistent" with enrollment factors on review forms.  SAC ¶ 34.

Within the Seventh Circuit, courts may consider those documents incorporated by reference through allegations presented in the complaint.  *See, e.g.*, *In re Harley-Davidson, Inc. Sec. Litig.*, 2009 WL 3233754, at *1 ("in addition to the complaint, the court may consider documents incorporated therein by reference"), *citing Tellabs II*, 551 U.S. 308 & *Albany Bank*, 310 F.3d at 971; *Hooks*, 2009 WL 1307850, at *3 (a court "'may take into consideration documents incorporated by reference to the pleadings' and 'may also take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'"); *Wood*, 925 F.2d at 1581–82.

Leveski's Second Amended Complaint continually references the review process as well the evaluations made by ITT with respect to her reviews.  *See, e.g.*, SAC ¶¶ 29–31, 34.  As Leveski relies on the evaluations made by ITT in the allegations of her Second Amended Complaint, the content of those evaluations is properly subject to judicial notice.

**Exhibits F-H**

Exhibits F-H are true and correct copies of "Program Participation Agreements" ("PPA") entered into between the Department of Education and ITT that covered the school at which

Leveski worked, among others. Exhibit F is a true and correct copy of this PPA effective from March 20, 1998 through June 30, 2001. Exhibit G is a true and correct copy of this PPA effective December 31, 2001 through December 31, 2003. Exhibit F is a true and correct copy of this PPA effective from December 11, 2003 through September 30, 2009. The PPAs are properly subject to judicial notice as documents incorporated by reference in Leveski's Second Amended Complaint.

As previously discussed, courts within the Seventh Circuit may consider those documents incorporated by reference through allegations presented in the complaint. *See, e.g.*, *In re Harley-Davidson, Inc. Sec. Litig.*, --- F. Supp. 2d ----, 2009 WL 3233754, at *1 ("in addition to the complaint, the court may consider documents incorporated therein by reference"), *citing Tellabs II*, 551 U.S. 308 & *Albany Bank & Trust Co.*, 310 F.3d at 971; *Hooks*, No. 08-C-0631, 2009 WL 1307850, at *3 (a court "may take into consideration documents incorporated by reference to the pleadings and may also take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (internal quotations omitted); *Wood*, 925 F.2d at 1581–82.

Leveski continually references and incorporates the ITT PPAs throughout her complaint. *See* SAC, ¶¶ 10, 13, 48-49, 51–54, 56, 62, 65, 69, 76. ITT requests judicial notice of the PPAs for the limited purpose of demonstrating the dates such PPAs were approved by the Department of Education and the resultant certification of ITT institutions, specifically the certifications relating to the Troy, Michigan campus where Leveski alleges that she was employed.

DATED: November 25, 2009          Respectfully submitted,

ICE MILLER

By: **s/ Philip A. Whistler**

Philip A. Whistler, Attorney No. 1205-49
philip.whistler@icemiller.com
**ICE MILLER LLP**
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
Phone: (317) 236-2100
Fax:    (317) 236-2219

Timothy J. Hatch, *Pro Hac Vice*
thatch@gibsondunn.com
Nicola Hanna, *Pro Hac Vice*
nhanna@gibsondunn.com
James L. Zelenay, *Pro Hac Vice*
jzelenay@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Phone: (213) 229-7000
Fax: (213) 229-7520

*Counsel for ITT Educational Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of November 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Timothy J. Matusheski<br>LAW OFFICES OF TIMOTHY J. MATUSHESKI<br>tim@mississippiwhistleblower.com | Shelese M. Woods<br>United States Attorney's Office<br>shelese.woods@usdoj.gov |
| Lane C. Siesky<br>SIESKY LAW FIRM, PC<br>lane@sieskylaw.com | Frederick D. Emhardt<br>PLEWS SHADLEY RACHER & BRAUN<br>emhardt@psrb.com |
| Gregory M. Gotwald<br>PLEWS SHADLEY RACHER & BRAUN<br>ggotwald@psrb.com | John M. Ketcham<br>PLEWS SHADLEY RACHER & BRAUN<br>jketcham@psrb.com |

The undersigned hereby certifies that on the 25th day of November 2009, a copy of the foregoing has been deposited in the U.S. mail, first class postage prepaid, addressed to:

George Healy, IV
GEORGE HEALY IV & ASSOCIATES
1323A 28th Avenue
Gulfport, MS 39501

s/Philip A. Whistler
Philip A. Whistler

**ICE MILLER LLP**
One American Square, Suite 2900
Indianapolis, Indiana  46282-0200
Phone: (317) 236-2100

I/2408627.1