# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Kristopher P. Diulio
Direct: 949.451.3907
Fax: 949.475.4630
KDiulio@gibsondunn.com

Client: T 43202-00057

March 7, 2011

John M. Ketcham, Esq.
Plews Shadley Racher & Braun LLP
1346 North Delaware Street
Indianapolis, IN 46202-2415

Re:  *United States ex rel. Leveski v. ITT Educational Services, Inc.*, No. 07-867 (S.D. Ind.)

Dear John:

Ms. Leveski's recently completed deposition confirms what we suspected—her claims are based on prior public disclosures and she does not have direct and personal knowledge of the facts underlying her claims. In fact, her testimony makes very clear that almost all of her knowledge relating to her claims was provided by Timothy Matusheski, who recruited her to serve as a relator in this case. In these circumstances, as courts have found in several other cases brought by Mr. Matusheski, Ms. Leveski is not a whistleblower and, therefore, the Court lacks subject matter jurisdiction over this action.

Ms. Leveski testified during her deposition that prior to being contacted by Mr. Matusheski, she had no knowledge of any false claim by ITT Educational Services, Inc. ("ITT"). She did not know what a Program Participation Agreement was and did not first believe that ITT was in violation of the incentive compensation regulation until after she spoke with Mr. Matusheski. Ms. Leveski made clear that it was Mr. Matusheski who first contacted her (through his private investigator) after learning that she had filed an employment lawsuit against ITT. Ms. Leveski's testimony and refusal to answer questions made clear that Mr. Matusheski is the source of her allegations. Ms. Leveski even testified that the documents attached to her complaints are not ITT documents and that she did not provide them to Mr. Matusheski. In short, Ms. Leveski is not an original source of the allegations in her complaints.

Ms. Leveski further testified that she was aware in 2003 of the prior False Claims Act action entitled *United States ex rel. Graves v. ITT Education Services, Inc.*, which publicly disclosed the alleged fraud Ms. Leveski asserts in this action. Likewise, she was aware of the 2005 False Claims Act action *United States ex rel. Olson v. ITT Educational Services, Inc.* There were also many additional public disclosures in the form of False Claims Act

# GIBSON DUNN

John M. Ketcham
March 7, 2011
Page 2

lawsuits against other education providers, government investigations, and news articles, each of which publicly disclosed the theory of fraud alleged in Ms Leveski's complaints.

For these reasons, Ms. Leveski must immediately dismiss her action. If she will not do so, ITT will seek to recover its fees and expenses from Ms. Leveski, the bankruptcy trustee, and her counsel (both Mr. Matusheski and the Plews Shadley firm that has continued to pursue this case with clear knowledge that Ms. Leveski lacks standing). An award of attorneys' fees and expenses is particularly appropriate in this case because Mr. Matusheski has already been warned by several courts that it is improper for him to recruit *qui tam* relators to file lawsuits against education companies based on public disclosures. *See United States ex rel. Schultz v. DeVry, Inc.*, 2009 WL 562286 (N.D. Ill. Mar. 4, 2009) (dismissing *qui tam* action filed by Mr. Matusheski because he recruited a former employee to serve as a relator even though the former employee had no personal knowledge of the alleged fraud).

The court's dismissal in *Schultz*—and rebuke to Mr. Matusheski—was highlighted and followed by similar orders in *United States ex rel. Lopez v. Strayer Educ., Inc.*, 2010 U.S. Dist. LEXIS 25576 (E.D. Va. Mar. 18, 2010) and *United States ex rel. Jones v. Collegiate Funding Services, Inc.*, 2011 U.S. Dist. LEXIS 3055 (E.D. Va. Jan. 12, 2011). *See also United States ex rel. Batiste v. SLM Corp.*, 2010 U.S. Dist. LEXIS 101368 (D.D.C. Sept. 24, 2010) (dismissing *qui tam* action filed by Mr. Matusheski pursuant to the first-filed bar). In each case, courts have made clear to Mr. Matusheski that it is improper to recruit a *qui tam* relator to file a False Claims Act lawsuit based on public disclosures. As the district court in *Jones* noted when dismissing that lawsuit, Mr. Matusheski has a "history of recruiting employees who previously filed employment-related lawsuits against lenders and colleges to serve as *qui tam* relators in actions based on prior public disclosures." *Jones*, 2011 U.S. Dist. LEXIS, at *38.

Indeed, Mr. Matusheski acknowledged the impropriety of his actions in *Lopez*, when he— along with his local counsel in that action—publicly apologized to defendants, the court and the Department of Justice for the expense and effort incurred in the improper *qui tam* action he filed. Yet in spite of those apologies, Mr. Matusheski continues to pursue this similar and equally improper action against ITT. Simply put, it is unreasonable and vexatious for Ms. Leveski and her counsel to continue with this frivolous lawsuit in light of Ms. Leveski's clear testimony regarding Mr. Matusheski's role in recruiting her and informing her of the bases of her lawsuit—knowledge that she did not have prior to talking to Mr. Matusheski.

To date, ITT has incurred substantial expenses and fees in connection with this lawsuit. Moreover, ITT is continuing to incur on a daily basis significant expenses and fees relating to discovery, the preparation of motions to dismiss and for summary judgment, and the preparation of experts.

# GIBSON DUNN

John M. Ketcham
March 7, 2011
Page 3

To avoid the incurrence of any additional unwarranted expenses and fees, Ms. Leveski must immediately dismiss her lawsuit. If she will not voluntarily dismiss her action, ITT will, at the appropriate time, seek its full fees and expenses incurred in defense of this action.

Please confirm by Wednesday, March 9, 2011 that Ms. Leveski will voluntarily dismiss her action without the need for ITT to file a motion (and incur additional unnecessary fees and expenses).

Very truly yours,

Kristopher P. Diulio

KPD/dfk

cc: Fred Emhardt
    Brianna Schroeder
    Timothy Matusheski
    Timothy J. Hatch

101034936_2.DOC