**Logan, Maura M.**

| | |
|---|---|
| **From:** | Diulio, Kristopher P. |
| **Sent:** | Wednesday, March 09, 2011 4:46 PM |
| **To:** | John Ketcham; Fred Emhardt; Timothy Matusheski; Brianna Schroeder |
| **Cc:** | Hatch, Timothy J. |
| **Subject:** | 2011.03.09 Diulio email to counsel re March 7 and 8, 2011 Correspondence |

John and Tim:

My use of the phrase "letters and emails" refers to my March 7th and 8th letters and my emails from March 7th, 8th and 9th regarding this topic.

Regarding the public disclosures ITT is relying on, I have repeatedly referred you to the *Graves* and *Olson* FCA lawsuits filed against ITT, as well as the other false certification cases listed by the courts in *Lopez* and *Schultz*. Because there is apparently still some confusion, here is that list copied from the *Lopez* opinion:

> *United States ex rel. Bowman v. Computer Learning Ctrs.*, 4:99-CV-l 138 (S.D.Tex. 1999); *United States ex rel. Graves v. ITT Educ. Servs., Inc.*, No. 4:99-CV-3889 (S.D.Tex 1999); *United States ex rel. Bowman v. Educ. America, Inc.*, 4:00-CV-03028 (S.D.Tex. 2000); *United States ex rel. Gay v. Lincoln Tech. Inst.*, 3:01-CV-00505 (N.D.Tex. 2000); *United States ex rel. Payne v. Whitman Educ. Grp.*, 3:02-CV-00843 and 4:03-CV-3089 (S.D.Tex. 2002); *United States ex rel. Main v. Oakland City Univ.*, 3:03-CV-00071 (S.D.Ind. 2003); *United States ex rel. Hendow v. Univ. of Phoenix*, 2:03-CV-00457 (E.D. Cal. 2003); *United States ex rel. Bott v. Silicon Valley Colls.*, 4:04-CV-00320 (N.D.Cal. 2004); *United States* [**25] *ex rel. Ector v. Axia Coll. Online*, 1:05-CV-01637 (D.D.C.) (2005); *United States ex rel. Torres v. Kaplan Higher Educ*, 1:07-CV-05643 (N.D.Ill. 2007); *United States ex rel. Cruz v. Western Career Coll.*, 2:07-CV-01666 (E.D.Cal. 2007); *United States ex rel. Leveski v. ITT Educ. Servs., Inc. No*. l:07 CV-0867 (S.D.Ind. 2007).

*See* 2010 U.S. Dist. LEXIS 25576, at *25 n.9; 2009 U.S. Dist. LEXIS 17015, at *7. Again, because Mr. Matusheski was counsel for the putative relators in *Schultz* and *Lopez*, he is well aware of this list of public disclosures. Furthermore, in my 10:41 a.m. March 8, 2011 email, I also referred Relator's counsel to the following documents that ITT is relying on as public disclosures:  ITT_LEV 0086013 - ITT-LEV  0086621, LEV000345 - LEV000347, and LEV000709 - LEV001308.

In short, the information you have requested has already been provided in my prior letters and emails.

Best,

Kristopher


**Kristopher P. Diulio**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3907 • Fax +1 949.475.4630
KDiulio@gibsondunn.com • www.gibsondunn.com

**From:** John Ketcham [mailto:jketcham@psrb.com]
**Sent:** Wednesday, March 09, 2011 1:28 PM
**To:** Diulio, Kristopher P.; Fred Emhardt; Timothy Matusheski; Brianna Schroeder
**Cc:** Hatch, Timothy J.
**Subject:** RE: Leveski/ITT -- March 8, 2011 Correspondence

Kris,

Sorry to try your patience, but you are requesting that relator dismiss the lawsuit by Friday. I would call that a non-trivial request. We need to advise our client, and to do so requires that we be able to provide her, and the United States government, our evaluation. To do so we need all the relevant information. As you know, a public disclosure must be established before the relator is required to demonstrate that she is an original source. Requesting that ITT specifically identify the public disclosure(s) upon which it relies is hardly unreasonable, especially in light of the gravity of the requested action. If the facts and the law are, as you say, so clear, it should not be a burden for you to designate precisely the disclosures which you claim apply. Further, your response raises more questions. Are there any other letter(s) than your March 7 and 8 letters? What e-mails?

John

---

**From:** Diulio, Kristopher P. [mailto:KDiulio@gibsondunn.com]
**Sent:** Wednesday, March 09, 2011 4:09 PM
**To:** John Ketcham; Fred Emhardt; Timothy Matusheski; Brianna Schroeder
**Cc:** Hatch, Timothy J.
**Subject:** RE: Leveski/ITT -- March 8, 2011 Correspondence

John:

We have detailed that information in my prior letters and emails. I suggest that Relator's counsel review them, although Mr. Matusheski is already well aware of the multiple public disclosures because at least two courts have already listed them for him. I also identified the documents on which we are relying, and which Relator's counsel should review. Our patience is wearing thin because the facts and law are clear and ITT continues to incur substantial unnecessary fees and expenses every day that Relator delays. There will be no further extension of the deadline on our offer to forego seeking fees and expenses.

Best,

Kristopher


Kristopher P. Diulio

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3907 • Fax +1 949.475.4630
KDiulio@gibsondunn.com • www.gibsondunn.com

---

**From:** John Ketcham [mailto:jketcham@psrb.com]
**Sent:** Wednesday, March 09, 2011 11:11 AM
**To:** Diulio, Kristopher P.; Fred Emhardt; Timothy Matusheski; Brianna Schroeder

**Cc:** Hatch, Timothy J.
**Subject:** RE: Leveski/ITT -- March 8, 2011 Correspondence

Kris,

Thanks for the designations.  To reiterate one of Tim's requests in his March 8 email, what is the public disclosure that ITT is relying upon?

John

---

**From:** Diulio, Kristopher P. [mailto:KDiulio@gibsondunn.com]
**Sent:** Tuesday, March 08, 2011 11:14 PM
**To:** John Ketcham; Fred Emhardt; Timothy Matusheski; Brianna Schroeder
**Cc:** Hatch, Timothy J.
**Subject:** Leveski/ITT -- March 8, 2011 Correspondence

Counsel:

Please review the attached correspondence.

Best,

Kristopher

<<2011.03.08 Ketcham Letter.pdf>>

**Kristopher P. Diulio**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3907 • Fax +1 949.475.4630
KDiulio@gibsondunn.com • www.gibsondunn.com

===============================================================================
This message may contain confidential and privileged information.  If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.
===============================================================================

===============================================================================
This message may contain confidential and privileged information.  If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.
===============================================================================