UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| DEBRA LEVESKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 1:07-cv-0867-TWP-MJD |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON TIMOTHY J. MATUSHESKI'S MOTION TO RECONSIDER

On March 26, 2012, the Court granted Defendant's Motion for Attorney's Fees and Sanction in the amount of $394,998.33 against Timothy J. Matusheski individually, the Law Offices of Timothy J. Matusheski, the law firm of Plews Shadley Racher & Braun LLP, and the law firm of Motley Rice LLP. This sanction was issued jointly and severally against Mr. Matusheski and the law firms. (Dkt. 318 at 31). On April 20, Motley Rice LLP filed a notice of appeal of the Court's order. (Dkt. 323). On April 23, Plews Shadley Racher & Braun LLP followed suit. (Dkt. 327).

Mr. Matusheski took a different approach. On April 24 at 10:34 a.m., Mr. Matusheski filed a declaration with the Court asserting that he "was unable to file his Motion for Reconsideration and Memorandum in Support in a timely manner due to technical difficulties." (Dkt. 332 at 1). Mr. Matusheski explained that "[o]n April 23, 2012, at 11:00 p.m. and thereafter, ECF would not permit me to log-in and did not send me a password reset link upon request." *Id*. Then, roughly 6 hours later, at 4:32 p.m., Mr. Matusheski finally got around to filing his Motion for Reconsideration. (Dkt. 334). Mr. Matusheski also attached a 2-page-long supporting brief.

(Dkt. 335). The following day, April 25, Mr. Matusheski filed a notice of appeal of the Court's order. (Dkt. 336).

As the Seventh Circuit has noted, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States,* 62 F.3d 192, 193-94 (7th Cir. 1995). An important limitation on the rule that just one court at a time possesses jurisdiction is that "the doctrine applies only to those aspects of the case involved in the appeal." See *Griggs v Provident Consumer Discount Col*, 459 U.S. 56 (1982). See *Apostol v Gallion,* 870 F.2d 1335, 1337 (7th Cir. 1989). Accordingly, the Court finds that Mr. Matusheski's Motion for Reconsideration (Dkt. 334) must be **DENIED AS MOOT** in light of his concurrent appeal of the exact same order that he asked this Court to reconsider.

And, in any event, the Court does not find Mr. Matusheski's motion to be persuasive. Even if the Court were allowed to excuse Mr. Matusheski's untimely filing and the concurrent filing of an appeal, the Motion fails to present a legitimate basis for reconsideration. Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Accordingly, a court will entertain a motion for reconsideration only "where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law occurred, or where significant new facts have been discovered." *Nerds on Call, Inc. (Ind.) v. Nerds on Call, Inc. (Cal.)*, 598 F. Supp. 2d 913, 916 (S.D. Ind. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Motions for reconsideration "essentially

enable[] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, a motion for reconsideration should not serve as the occasion to tender new legal theories for the first time. *Publishers*, 762 F.2d at 561. Whether to grant reconsideration is committed to the sound discretion of the court. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Mr. Matusheski asserts that Rule 59 authorizes him to present new facts into the record to establish the Court's error; however, none of the alleged facts proffered are newly discovered. Further, the Motion is improper because it does not establish a manifest error of law or fact or an overlooked argument; instead, Mr. Matusheski simply rehashes previously argued reasons why he disagrees with the Court's ruling. Finally, Mr. Matusheski has not presented any evidence that extraordinary circumstances exist to warrant reconsideration of the March 26, 2012 order.

For the reasons set forth above, the Motion for reconsideration (Dkt. 334) is **DENIED**.


SO ORDERED.   07/31/2012

                                                       _____
                                                       Hon. Tanya Walton Pratt, Judge
                                                       United States District Court
                                                       Southern District of Indiana


Distribution to:

- **Kristopher P. Diulio**
  GIBSON DUNN & CRUTCHER LLP
  kdiulio@gibsondunn.com,gross@gibsondunn.com
- **Frederick D. Emhardt**
  PLEWS SHADLEY RACHER & BRAUN
  emhardt@psrb.com,akeaton@psrb.com
- **Nicola T. Hanna**
  GIBSON DUNN & CRUTCHER LLP
  NHanna@gibsondunn.com,TStephens@gibsondunn.com
- **Timothy John Hatch**
  GIBSON DUNN & CRUTCHER LLP
  thatch@gibsondunn.com
- **Sean M. Hirschten**
  PLEWS SHADLEY RACHER & BRAUN
  shirschten@psrb.com,sehirschten@gmail.com
- **John M. Ketcham**
  PLEWS SHADLEY RACHER & BRAUN
  jketcham@psrb.com,rtreesh@psrb.com
- **Mark I. Labaton**
  MOTLEY RICE LLP
  mlabaton@motleyrice.com,kmontenegro@motleyrice.com
- **Timothy J. Matusheski**
  LAW OFFICES OF TIMOTHY J. MATUSHESKI
  tim@mississippiwhistleblower.com,timmatu@yahoo.com
- **Brianna J. Schroeder**
  PLEWS SHADLEY RACHER & BRAUN
  bschroeder@psrb.com,jbowman@psrb.com
- **Wayne W. Smith**
  GIBSON DUNN & CRUTCHER, LLP
  wsmith@gibsondunn.com,gross@gibsondunn.com,dfkennedy@gibsondunn.com
- **Philip A. Whistler**
  ICE MILLER LLP
  philip.whistler@icemiller.com,marti.westerfield@icemiller.com
- **Shelese M. Woods**
  UNITED STATES ATTORNEY'S OFFICE
  shelese.woods@usdoj.gov,melanie.crouch@usdoj.gov
- **Robert M. Zabb**
  MOTLEY RICE LLP
  rzabb@motleyrice.com,kmontenegro@motleyrice.com
- **James L. Zelenay , Jr**
  GIBSON DUNN & CRUTCHER LLP
  jzelenay@gibsondunn.com